**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARK BARNER AND CHARLOTTE | * | |
| BARNER | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| vs. | * | NO: 4:14 CV00090 SWW |
| | * | |
| THOMPSON/CENTER ARMS | * | |
| COMPANY, INC., N/K/A | * | |
| THOMPSON/CENTER ARMS | * | |
| COMPANY, LLC; | * | |
| THOMPSON/CENTER ARMS | * | |
| COMPANY, LLC; JOHN DOES NOS. | * | |
| 1-10; and JOHN DOE | * | |
| CORPORATIONS NOS. 1-10 | * | |
| | * | |
| Defendants | * | |

## OPINION AND ORDER

Mark Barner and Charlotte Barner ("the Barners") filed this action in state court against

Thompson/Center Arms Company, Inc. ("Thompson/Center Inc."); Thompson/Center Arms

Company, LLC ("Thompson/Center LLC"); John Does nos. 1-10; and John Doe corporations

nos. 1-10, asserting product liability claims on the basis of strict liability, negligence, and breach

of implied and express warranties.  Defendants removed the case, asserting subject matter

jurisdiction on the basis of complete diversity between the parties and an amount in controversy

exceeding $75,000.

Before the Court is Defendants' motion to dismiss for insufficient service of process and

failure to state a claim upon which relief can be granted (docket entry #23).  The Barners  filed a

response in opposition (docket entry #27), Defendants filed a reply (docket entry # 36), and the

Barners filed a sur-reply (docket entry #37).

After careful consideration, and for reasons that follow, the motion to dismiss by Defendants will be granted, and the complaint will be dismissed with prejudice.

## I.  Background

Plaintiffs Mark and Charlotte Barner are residents of Arkansas.  Thompson/Center Inc. was previously a New Hampshire corporation with a principal place of business in New Hampshire, but it merged with Thompson/Center LLC on April 26, 2012.  Thompson/Center LLC is a Delaware corporation with a principal place of business in Massachusetts.

On August 6, 1999, Mark Barner purchased a muzzleloader rifle that was manufactured and sold by Defendants.  On October 15, 2010, Barner was loading the rifle and was injured when the weapon discharged.   Barner suffered permanent physical injuries as a result of this incident.

On October 11, 2013, the Barners filed this lawsuit in the Circuit Court of Dallas Country, Arkansas, Sixth Division.  The suit was filed four days prior to the October 15, 2013 expiration date of the applicable statute of limitations.  The Barners' complaint set forth claims of strict liability, negligence, and breach of implied and express warranties.  The Summons and Complaint named Thompson/Center Inc. and Thompson/Center LLC as defendants and was served on January 24, 2014 to CT Corporation in New Hampshire, the registered agent for Thompson/Center Inc.

On February 14, 2014, Defendants removed the case to this Court on the basis of diversity jurisdiction.  Thereafter, on March 7, 2014, Defendants filed a motion to dismiss, alleging that the Barners failed to serve the Summons and Complaint within the 120 days

required by Rule 4(i) of the Arkansas Rules of Civil Procedure, as Thompson/Center Inc. and Thompson/Center LLC had previously merged, with Thompson/Center LLC being the surviving corporation and service being made only on Thompson Inc. and their registered agent. On March 26, 2014, the Barners filed an Amended Complaint, renaming Thompson/Center Inc. as "Thompson/Center Inc. n/k/a Thompson Center LLC."[1]  After the Barners filed the Amended Complaint, the pending motion to dismiss was mooted by this Court.

On April 15, 2014, Defendants filed a second motion to dismiss, asking that the Barners' Amended Complaint be dismissed with prejudice pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.[2]

## II.  Defendants' Motion to Dismiss for Insufficient Service of Process

In support of its motion to dismiss the Amended Complaint as to Thompson/Center LLC for insufficient service of process under Fed. R. Civ. P. 12(b)(5), Defendants assert that the Barners' attempted service on Defendants, which occurred prior to removal, was deficient in two ways: (1) the Barners failed to properly serve Thompson/Center LLC within 120 days of filing the complaint in accordance with Rule 4(i) of the Arkansas Rules of Civil Procedure, and (2) the filing of an Amended Complaint does not correct a failure to timely serve the Original Complaint.

The Barners respond by asserting that their service of the Original Complaint was good

---

[1]In addition to correcting the name of defendant Thompson/Center Inc., the Amended Complaint also corrected a misspelling of Plaintiff Charlotte Barner's name in the case caption.

[2]Defendants also filed a motion in the alternative to dismiss all claims related to post-sale duties to warn, retrofit, or recall.  Because of the Court's disposition granting Defendants' primary motions, this alternative motion will not be addressed.

or alternatively, that the Federal Rules of Civil Procedure govern service of process in this case, allowing for the Barners to correct any deficient service.[3]

Since the Barners filed the Original Complaint and attempted service prior to removal, the Court looks to Arkansas law in assessing the sufficiency of service. *See Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998) (noting that the district court properly determined the sufficiency of service according to state law because service of process occurred before removal). Service of valid process is necessary to give a court jurisdiction over a defendant. *See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003). Under Arkansas law, service requirements under Rule 4 are to be strictly construed and compliance with them must be exact. *Id.*[4]

Under Arkansas's bright line standard of strict compliance, it appears that the service of process at issue in this case has not been perfected. It is undisputed that the Barners' Original Complaint was filed on October 11, 2013 and service of process took place on January 24, 2014 on CT Corporation in New Hampshire, the registered agent for Thompson/Center Inc. Over a year before this service of process took place, Thompson/Center Inc. merged with Thompson/Center LLC and as a result, Thompson/Center Inc. no longer possessed the capacity

---

[3]Both parties point to the same line from the same case opinion as support for whether state or federal law governs over the sufficiency of the service of process in the instant case: "state law governing service of process . . . applies before removal, and . . . federal law applies after removal." *Eccles v. Nat'l Semiconductor Corp.*, 10 F.Supp.2d 514, 519 (D. Md. 1998).

[4]Ark. R. Civ. P. 4(i) requires that service of process be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend time prior to the expiration of the deadline. If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. *Trusclair v. McGowan Working Partners*, 2009 Ark. 203, at 6, 306 S.W.3d 428, 431.

to be sued as a separate legal entity.  *See* discussion *infra* Part III.  Since Thompson/Center LLC inherited all of Thompson/Center Inc.'s legal liabilities as a result of the merger, proper service must have been made on Thompson/Center LLC within the 120 days allowed for service under Ark. R. Civ. P. 4(i).  Thompson/Center LLC's registered agent was not and has never been CT Corporation, nor was its registered agent ever located in New Hampshire.  As a result, service was not perfected by the Barners' service of CT Corporation.  Thompson/Center LLC's registered agent was not served with process until over a month after the Ark. R. Civ. P. 4(i) 120 day service of process deadline had expired on February 8, 2014.  Since the Barners' service of process was not carried out in exact accordance with Ark. R. Civ. P. 4, the Court finds that the service of process was deficient.

The Barners assert that in the event that the service of process was insufficient, Title 28 U.S.C. § 1448 allows them to complete the service as if the case was filed in Federal Court.[5]  It is true that Arkansas district courts have allowed plaintiffs in the past to complete defective service after removal in accordance with § 1448.  *See Scott v. Union Pacific R. Co.*, No. 06–CV–4057, 2007 WL 215804, at *1 (W.D. Ark. Jan. 25, 2007) (holding that plaintiff who had not perfected service prior to removal has the option of completing service according to Arkansas Rules of Civil Procedure or commencing new service pursuant to Fed. R. Civ. P. 4).  The Court does not find it appropriate to allow the Barners to do so in this instance, however.

Title 28 U.S.C. § 1448 cannot be used to "resurrect" a removed diversity case which

---

[5]"In all cases removed from any State court to any district court of the United States in which any . . . of the defendants has not been served . . . or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."  Title 28 U.S.C. § 1448.

would have been dismissed as time barred had it remained in state court.  *See Marshall*, 155 F.3d at 1033 (holding that  the case must be dismissed for insufficient service of process because plaintiff had not perfected service before removal and both the state service of process deadline and the statute of limitations had since expired).

In this case, the Barners filed their Original Complaint on October 11, 2013.  The applicable statute of limitations expired on October 15, 2013.  The Barners attempted service on January 24, 2014, but this service was ultimately defective because Thompson/Center LLC was not served via their registered agent.  The Ark. R. Civ. P. 4(i) 120 day timely service deadline expired on February 8, 2014, and at that point, the Barners had not perfected service.  The Barners failed to timely serve the Defendants within the period prescribed by state rules and additionally, the applicable statute of limitations had elapsed.  In accordance with state rules, this case would have been considered time barred in state court had it not been removed to federal court at a later date.

The Barners attempt to distinguish *Marshall* by stating that in *Marshall*, the case in question had not been commenced in South Dakota state court and in this case, the Barners had commenced their case in accordance with Arkansas state law.  The court finds this argument to hold no merit.

Under Arkansas law, an action is commenced by filing a complaint with the clerk of the court, who shall note thereon the date and precise time of the filing.  Ark. R. Civ. P. 3.  However, the effectiveness of the action's commencement is dependent upon a party satisfying the requirements of Rule 4(i), which provides, in pertinent part, that service of process on a defendant must be accomplished within 120 days after the filing of the complaint.  *See Bodiford*

*v. Bess*, 330 Ark. 713, 715, 956 S.W.2d 861, 862 (1997) (holding that a plaintiff had not commenced the case when proper service of process was not achieved on the defendant within 120 days of filing the complaint).  When service of process is timely made on the defendant in accordance with Ark. R. Civ. P. 4(i) but is later held invalid, the action is commenced.  *See Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 177, 866 S.W.2d 372, 374 (1993) (holding that the suit was commenced when the plaintiff attempted timely service of process on the defendant but there was no evidence to show that the proper employee of the company had been served).

The Barners assert that they commenced their action by serving CT Corporation, claiming that this amounted to attempted, yet defective service, which they claim is enough to satisfy the Ark. R. Civ. P. 4(i) component of commencing their action.  The Barners cite to several cases in support of this claim,[6] and in each of these cited cases, the plaintiff correctly served process on the legal entity which was being sued, but in each instance, the service was later found invalid because either there was no evidence that any of the employees had been served, or an employee accepted the service and was not authorized to do so.  The court finds that the Barners' reliance on these cases is misplaced.

In this case, the Barners did not attempt to serve any employee of Thompson/Center LLC, nor did they attempt to serve Thompson/Center's registered agent located in Delaware. Instead, the Barners served CT Corporation in New Hampshire, which previously was the registered agent for Thompson/Center Inc. prior to its merger with Thompson/Center LLC.

---

[6]*Lyons,* 315 Ark. 173, 866 S.W.2d 372; *McCoy v. Montgomery*, 370 Ark. 333, 259 S.W.3d 430 (2007); *Clouse v. Ngau Van Tu*, 101 Ark. App. 260, 274 S.W.3d 344 (2008).

Since the Barners failed to serve any employee of Thompson/Center LLC and in fact served an unrelated agent in another state, the Court finds that this does not constitute attempted service to appropriately satisfy the requirements for commencement of an action–to hold otherwise would allow for a plaintiff to serve any individual unrelated to the defendant and then use attempted service as a basis to claim action commencement as a shield with which to toll the time to serve.

The Barners assert that should their service be found insufficient and their suit is dismissed, that the Arkansas savings statute allows them to refile the suit.  The Court holds that the Arkansas savings statute has no application in this case.

In any action that is commenced in which the plaintiff suffers a nonsuit, that plaintiff may commence a new action within one year of the date of the nonsuit.  *See* Ark. Code Ann. § 16–56–126 (2014).  The savings statute does not apply if the plaintiff fails to complete timely service on the defendant, thus failing to commence his action.  *See Green v. Wiggins*, 304 Ark. 484, 488, 803 S.W.2d 536, 539 (1991) (holding that the savings statute did not apply when the plaintiff failed to comply with Ark. R. Civ. P. 4(i) and thus did not commence the action).

In this case, as discussed previously, the Barners failed to commence their action.  They did not serve an employee of Thompson/Center LLC, nor did they serve Thompson/Center LLC's registered agent.  In fact, they served an unrelated agent in a different state.  Their actions did not constitute "attempted service" enough as to satisfy the Ark. R. Civ. P. 4(i) requisite for commencement.  Since the Barners failed to satisfy all requisites of commencement under Arkansas law, their action was not commenced and as a result, the Arkansas savings statute can not apply in this case.

Finally, the Barners ask in the alternative that if their service is deemed insufficient that

they be granted an extension of time to perfect service.  The Barners maintain that  Fed. R. Civ. P. 4(m) states that an extension of time to serve may be granted upon a showing of good cause by the plaintiffs, or even in the absence of good cause.  It is the Court's position that an extension of time can not be granted in this case.

It is true that according to federal case law, it is within a court's discretion to grant an extension to serve, even absent a showing of good cause by the plaintiff.  *See Vest v. Pennignton*, 4:11–CV–364–KGB, 2012 WL 3962462, at *1 (E.D. Ark. Sept. 10, 2012) (holding that excusable neglect on the part of the plaintiff sufficed for an extension of time to serve). However, as previously discussed, federal law does not govern the sufficiency of service of process in this case.  Instead, the Court must look to Arkansas law.

Under Arkansas law, an extension of time to serve a complaint is only permitted if a motion for such an extension is made within the 120 day period to serve following the filing of the complaint and if a demonstration of good cause is made.  *See*  Ark. R. Civ. P. 4(i).  As previously noted, service requirements under Ark. R. Civ. P. 4(i) are to be strictly construed and compliance with them must be exact.  *See Sidney Moncrief*, 353 Ark. at 709, 120 S.W.3d at 530. Thus, if a motion for an extension of time to serve is made after the 120 day service deadline has been expired, the extension of time cannot be granted.

In this case, it is undisputed that the Barners did not make their motion for an extension of time within 120 days of the filing of their Original Complaint.  The Original Complaint was filed on October 11, 2013 and the 120 day service deadline expired on February 8, 2014.  The Barners did not make the motion for extension of time prior to this date, and so in accordance with Arkansas's bright line standard of strict compliance, the Court finds that the motion for an

extension of time cannot be granted.

Defendants argue, and the Court agrees, that the claims as to Thompson/Center LLC should be dismissed for insufficient service of process.  Such a dismissal is normally without prejudice, however this does not apply if the plaintiff's action is barred by a statute of limitations running.  *See Bess*, 330 Ark. at 715–16, 956 S.W.2d at 862–63.  In that instance, dismissal must be with prejudice.  *Id*.  Because the applicable statute of limitations expired on October 15, 2013, the Barners' subsequent service of process was insufficient, and the 120 day service deadline expired without the Barners having perfected service, the Court finds that Defendants' Rule 12(b)(5) motion must be granted with prejudice as to the claims against Thompson/Center LLC.

### III.  Defendants' Motion to Dismiss for Failure to State a Claim

Pursuant to Rules 12(b)(6) and 17(b)(2) of the Federal Rules of Civil Procedure, the Defendants move for the dismissal of all claims against Thompson/Center Inc.  Defendants assert that Thompson/Center Inc. was not a separate entity subject to suit at the time it was served and thus the Barners may not pursue claims against it.  The Barners claim the opposite–that Thompson/Center Inc. did possess the capacity to be sued.  The Court finds that Thompson/Center Inc. was a non-existent entity that was not subject to suit at the time of service of process.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When considering a motion to dismiss pursuant to Rule 12, a court generally must ignore materials

outside the pleadings, but it may consider some materials that are part of the public record or do

not contradict the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.

1999).

The Defendants assert that when Thompson/Center Inc. merged with Thompson/Center

LLC in 2012, that Thompson/Center Inc.'s separate existence ceased, along with its capacity to

be sued.  Thus, when the Barners filed their action in 2013, they could not pursue claims against

Thompson/Center Inc. because it was a non-existent entity with no legal capacity.

A corporation's capacity to be sued is determined by the law of the state in which it is

incorporated.  *See* Fed. R. Civ. P. 17(b).  Since Thompson/Center Inc was a New Hampshire

company based in New Hampshire, the Court turns to New Hampshire law.  In New Hampshire,

when a merger becomes effective, the separate existence of every corporation or eligible entity

that is merged into the survivor ceases.  N.H. Rev. Stat. § 293–A:11.07(a)(2).  It is undisputed

that on April 27, 2012, Thompson/Center Inc. merged with Thompson/Center LLC.  As a result,

Thompson/Center Inc.'s separate existence ended on that day.

The Barners maintain that despite the fact that Thompson/Center's separate existence

ended with their merger with Thompson/Center LLC, actions still may be brought against them.

The Barners point to the corporation continuance statute found in N.H. Rev. Stat. §

293–A:14.05, which states that the dissolution of a corporation does not prevent commencement

of a proceeding by or against the corporation in its corporate name.  The Barners assert that if a

corporation can cease to exist by dissolution but remain subject to suit, that a corporation that

ceases to exist by merger should also remain subject to suit.

The Court finds no merit in the Barners' assertion.  The Barners do not cite to any New

Hampshire case authority in support of their assertion that a merged company remains subject to suit after merger.  In fact, according to New Hampshire law, "all liabilities of each corporation or eligible entity that is merged into the survivor are vested in the survivor." N.H. Rev. Stat. § 293–A:11.07(a)(4).  It is undisputed that Thompson/Center LLC was the surviving corporation from the merger with Thompson/Center LLC.  Thus, Thompson/Center LLC gained the legal liabilities of Thompson/Center Inc. after merging.  From the date of the merger onward, any claims against Thompson/Center Inc. should be brought against Thompson/Center LLC instead. The Barners erroneously brought a claim against a non-existent entity with no legal capacity to be sued.  The Court holds that the claims as to Thompson/Center Inc. must be dismissed with prejudice in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### IV.  Conclusion

For the reasons stated, the motions to dismiss by Defendants (docket entry #23) are GRANTED.  Pursuant to the judgment entered together with this order, Plaintiffs' complaint is DISMISSED WITH PREJUDICE for insufficient service of process and failure to state a claim upon which relief can be granted.

IT IS SO ORDERED THIS 27TH  DAY OF JUNE, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE